(37 App. Div. 421.)

### PLASTERSTEIN v. HOES et al.

(Supreme Court, Appellate Division, First Department. February 10, 1899.)

GIFT CAUSA MORTIS—EVIDENCE.

    A finding that there was not a gift causa mortis by deceased, L., to plaintiff, P., of money in the C. Savings Bank, will not be disturbed, notwithstanding testimony that L., the day before his death, gave P. the bank book, and an account book, with an understanding that out of the fund represented by the former P. should pay certain expenses, and the balance should belong to him; and though in the account book there was an attempted testamentary gift of the money to P., he not having seen this till after death of L., and he having in the first place claimed, but failed to show, an assignment of the deposit to him; and witnesses for defendant testifying that P., after the death of L., called at the house of S., and said that he knew nothing about the property of L., and that there was nothing on his person but a few pennies, but that, when told to make further search, he went and returned with the books, which he said he had found, and handed them to S., asking her for some money for his trouble, and making no claim to them, but remarking that they belonged to the brother of L., though P. testified that his object in delivering them to S. was to secure a loan, and that they were left as a pledge.

Appeal from special term, New York county.

Action by Shepsel Plasterstein against William M. Hoes, administrator of Samuel Levy, deceased, and another. From judgment entered after trial at the special term dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Abraham B. Schleimer, for appellant.

Morris Cukor, for respondents.

O'BRIEN, J. This action was brought to recover the sum of $2,135, originally on deposit with the Citizens' Savings Bank in the name and to the credit of Samuel Levy, deceased. The theory of the action, according to the allegations of the complaint, is that the deposit was assigned to the plaintiff by Levy just previous to his death, in consideration of existing indebtedness, of attendance during illness, and for other valuable considerations. In support of this theory of assignment of the bank deposit, there was introduced in evidence a memorandum contained in an account book kept by the deceased, which, as alleged, was made some time before his death, as follows:

"In the month of February for that what Shepsel Plasterstein has served me during my illness and for that what I owed him for board and for books. I give to Shepsel Plasterstein all my money which is in the Citizens' Savings Bank and what in that book is written down.      Samuel Levy."

The plaintiff does not claim to have seen this writing until after Levy's death, although he testified that on the evening previous

thereto the deceased gave him the account book in which the memorandum was written, together ·with the bank book. It must be concluded, from the wording of this memorandum, that it was in no sense an assignment, but that it was made and intended as a testamentary disposition. As such, however, it is not good, for it does not comply with the formalities required by law; and therefore, if of any importance, it may only be accepted as evidence of intention to make, not a present gift, but a gift to take effect after death.

This was the view taken upon the trial by the learned judge below, who pointed out the defect in the claim made in the complaint that the deceased had assigned the deposit to the plaintiff. The court, however, permitted the action to proceed without any amendment of the pleadings, for the purpose of determining whether, as the plaintiff's counsel was endeavoring to show, title could be maintained as a gift causa mortis; but the complaint was finally dismissed, on the ground that the plaintiff had not sustained the burden placed on him of establishing such a gift by evidence that was "clear and convincing, strong and satisfactory." Farien v. Wiegel, 76 Hun, 462, 28 N. Y. Supp. 95. The plaintiff took exception to this conclusion, and now insists, as he did below, that the cause of action was abundantly established. The correctness of this contention necessarily depends upon the force and effect of the evidence adduced; and, for the purposes of this opinion, a summary of the proof presented will be sufficient, without an attempt to give it in detail.

It appears that on a Tuesday in February, 1897, between 2 and 3 o'clock in the morning, Samuel Levy, who was then boarding with the plaintiff, died. According to the plaintiff's version, the deceased on the previous night had given to him a bank book and an account book, with the understanding that out of the fund represented in the former he should pay the expenses of burial, provide for prayers to be said, and erect a monument or tombstone over the grave, and that the remainder of the deposit should belong to him. This testimony of the plaintiff and his witnesses was weakened by that of the defendants; from which it appeared that on the day following the alleged transfer the plaintiff called at the house of Bertha Sarasohn, and said that he knew nothing about the property of ·the deceased, and that there was nothing on his person but a few pennies; and that, when told to return and make a further search, he went away, and came again later in the day, saying that he had found some books and papers, which he thereupon handed to Mrs. Sarasohn, asking her for some money for his trouble, and remarking that the books would be for the brother of Levy. The plaintiff's failure then and there to assert that he claimed title to the bank book as a gift made to him by the deceased, and his surrender of the same to Mrs. Sarasohn with the words mentioned, if the defendants' witnesses are to be credited, are quite inconsistent with his attitude and that of his witnesses on the trial. We have not overlooked the plaintiff's testimony that his object in delivering the book to Mrs. Sarasohn was to secure a loan, and that the books and other papers were left as a pledge, but he does not testify that he asserted at that time a title to the bank book by gift.

Upon the trial, then, as in his complaint, the plaintiff sought to sustain his title, not by reason of a gift, but on the theory, as already pointed out, of an assignment. The memorandum is undoubtedly strong corroborative evidence of intention on the part of Levy to give the plaintiff the benefit of some or all of the money in the bank, after his death, and would have been entitled to great consideration in support of such a claim, had that from the outset been consistently asserted and substantiated by other satisfactory evidence. But as the complaint alleged that the bank book and the moneys represented thereby had been assigned to the plaintiff, and this allegation was not sustained, and no motion was made to amend the pleadings or conform them to the proof, the court might very properly have dismissed the complaint. The court, however, on the theory of a gift causa mortis, further considered the merits of the action without any change being made in the complaint; and, it appearing that the evidence of such a gift was conflicting and contradictory, it was entirely within the province of the court to pass upon the credibility of the witnesses in determining whether any title was so established. In his conclusion the learned trial judge had in mind the rule of law, so often formulated, that, where it is sought to divert the money or property of a deceased person from his relatives or next of kin, the stranger thus seeking to obtain benefit must establish his right by clear and convincing proof. When we consider the character of the witnesses, and their relation to the parties, we must conclude that the evidence is as consistent with the claim that the gift was not made as with the claim that it was made; and the many contradictions in the testimony raise the suspicion that no gift was actually made, but that an examination of the account book after Levy's death disclosed the memorandum, which, being favorable to the plaintiff, suggested to him the idea that, with it as a basis, a claim or right of some kind could be maintained. From a perusal of the record, we are unable to conclude that the proof adduced or the character of the plaintiff's witnesses were such that the trial judge was bound to be satisfied that the plaintiff had made out a strong and conclusive case.

We think, therefore, that the judgment must be affirmed, with costs. All concur.